## HARRISON v. SNAPP BROS. SHOWS et al.
(No. 1563.)

Court of Civil Appeals of Texas. Beaumont. June 17, 1927.

Rehearing Denied Sept. 21, 1927.

Bills and notes ⬤⟾489(7)—Allegations of petition in suit on note as to execution of note by firm held not at variance with actual execution.

Where note was signed, "Snapp Bros. Shows, Ivan S. Snapp, by Wm. R. Snapp, Mgr.," allegations of petition in suit on such note that it was executed by Snapp Bros. Shows, a firm composed of Ivan S. Snapp and Wm. R. Snapp, *held* not to constitute a variance between allegations as to who were makers of note and the makers thereof as shown on note itself.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by J. T. Harrison against Snapp Bros. Shows, a copartnership composed of Ivan S. Snapp and another, and against the partners individually. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. W. Cruse, of Beaumont, for appellant.
Pye & McCall, of Beaumont, for appellees.

HIGHTOWER, C. J. The appellant, Harrison, brought this suit in the county court of Jefferson county at law against the appellee, Snapp Bros. Shows, a copartnership composed of Ivan S. Snapp and Wm. R. Snapp, and against the partners individually, on a promissory note alleged to have been executed by appellees in favor of appellant on the 4th day of December, 1925, payable 90 days after date, bearing interest at the rate of 6 per cent. per annum, and providing for the usual 10 per cent. attorney's fees. Appellant's petition alleged that the total amount due on the note, including principal, interest, and attorney's fees, was $218.25, for which judgment was prayed.

Appellees answered by general demurrer, general denial, and then specially averred that they were entitled to a credit on the note of $31.50, which had not been allowed by appellant, and, in the alternative, they further averred that, if they were mistaken in their allegation that $31.50 had been paid on the note, then appellant was indebted to them in the sum of $31.50, which they pleaded as a set-off against any judgment appellant might obtain against them. There were several other pleas, as well as a cross-action for damages interposed by appellees, but as they were all withdrawn at the conclusion of the evidence below, further mention of them here becomes immaterial.

The case was tried with a jury, but upon conclusion of the evidence the trial judge, at the request of appellees, peremptorily instructed the verdict against appellant, and entered judgment thereupon, denying appellant recovery for any amount.

Appellant has prosecuted this appeal, relying upon two propositions, the first one being that the trial court committed error in refusing to permit appellant to introduce in evidence the note he sued on and described in his petition. The other contention is that the trial court should have granted appellant a new trial, after having erroneously denied him the right to introduce in evidence the note, thereby leaving no basis in the evidence for a recovery by him.

The trial court's action in excluding from the evidence the note sued on, as the bill of exception in that connection shows, was based on the ground that there was a fatal variance between the note sued on as described in appellant's petition and the note offered in evidence. We have carefully examined the note in connection with the allegations of the petition describing it, and we fail to see any variance whatever between the note as described in the petition and the note offered in evidence. Indeed, the answer of the appel-

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lees in this case admitted the execution of the note sued on, when they pleaded a payment of $31.50 on it. We are at a loss to understand why the trial judge in this case concluded that there was a fatal variance between the note described in the petition and that offered in evidence. The bill of exception in this connection states that the trial judge was of the opinion that there was a fatal variance between the allegation in the petition as to who the signers of the note were and the signatures on the note as offered in evidence. The note was signed thus:

"Snapp Bros. Shows, Ivan S. Snapp, by Wm. R. Snapp, Mgr."

The allegations in the petition were, in substance, that the note was executed by Snapp Bros. Shows, a firm composed of Ivan S. Snapp and Wm. R. Snapp. It will be seen at a glance that there was no variance between the allegations as to who were the makers of the note and the makers thereof, as shown on the note itself. This disposes of all questions that are before this court, and it results from these conclusions that the judgment should be reversed and the cause remanded, and such has been our order.